Copy 1 of 3

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: _____ |
| Date Received: _____ FILED |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

United States Courts
Southern District of Texas
FILED
*February 18, 2022*
Nathan Ochsner, Clerk of Court

Offender Name: __Matthew Jamal Jackson__   TDCJ # __2098305__

Unit: __Hamilton__   Housing Assignment: __B123 Top__

Unit where incident occurred: __Hamilton Unit__

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _I mailed off 1-60's to all officials_   When? _1/20/20, 2/5/20_

What was their response? _Write A Grievance Didn't recieve 1-60's back_

What action was taken? _Nothing never responded back_

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I notified on request forms that some of my grievances are being denied process and others unanswered by grievance, Ron McCoy, and Jane Doe Law Library grievance officers on I-60's. I sent request form to Warden Phonso J. Rayford, Warden Lamb Blake, Texas Department of Justice Dale Wainright, Executive Director Bry Collier, Director Lorie Davis, Deputy Executive Director Oscar Mendoza and Regional Director Steve Messi dated 1/30/20, 2/5/20, which was more than enough time to give me an answer but I recieved nothing. I even gave notice to Texas Governor Greg Abbott and Lieutenant Governor Dan Patrick on 1/20/20 and 2/5/20. I was being denied grievance processing #2019146347, #2019158836, #2019162892, #2019160063, #2019076933, #2019082220. officials wouldn't even screen my grievance concerning the filing of my Supreme Court Petition I'm being totally ignored. I even had to write a grievance for my grievances not being processed see #2019077004 and grievance #2019085936. I write this complaint due to the violation of my rights in regards to inhumane conditions of confinement continuing wrong. This is my complaint as whole from clements unit to LeBlanc unit to Hamilton Unit transfers in retaliation for filing complaints and grievances #2017094516, #2017044241, #2017150015, #2017153100, #2017158092, #2017149992, #2016023512, #2018017709, #2019067011, #2018186290, #2019016958, #2018171033, #2019169282, #2020123, #2019106741, #2019077004, #2019085930, #2019146247, #2019129069, #2019166741, #2019077004, #2019164503, #2019117332, #2019104, #2019129069, #2019158836, #2019160247, #2019066906, #2019042740, #2019023538, #2018716, #2018172081, #2017504176, #2018171033, #2019016945, #2019054423, #2018160996, #2019063136, #2019031305, #2018023514, #2019082220, #2018171033, #2019082220, #2019076933. These continuing wrong only duration of cruel and unusual punishment prison conditions persist on Hamilton Unit and other Texas Department of Criminal Justice (TDCJ) prison officials; conspiratorial practice consists of manifold reprisal and deliberate disregard for rules and regulations which govern their duty to recieve, process and answer grievances (I-127's) in compliance with TDCJ offender Handbook, I-1202 (Rev. 11/03). Grievance Procedures for offenders (Chapter). See also AD-03.8a (rev. 5); Management of Offender Grievances, and Board Policy 03.77 Offender Grievances. According to the TDCJ Handbook Grievance procedure is to: "provide a vehicle for review of department policies, procedures, practices, conditions, incidents, and actions which may adversely affect an inmates welfare, status and program" and to provide for resolution for grievances at the lowest possible level with timely responses to the appellant. However, when we exercise use of the grievance procedure, prison officials join together to harass and retaliate against offender or an individual for participating in an official investigation/inquiry or for pursuing legal activities (i.e. petition the courts) — Violation Level I"). against us with a combination of any of the following unethical acts; Officials are all in collusion to deny me my First Amendment of the Constitution Art 1.16 of Texas Constitution. Violation Level I") against us we are also subject to mistreatment per LPD.22 (rev. 12 1983 mistreatment of offenders"). The First Amendment prohibits jail and prison officials from retaliating against inmates who reports complaints, file grievance or file lawsuits. In retal for filing complaints and grievances. I recieved from Supreme Court Clerk Scott S. Harr a letter stating that he wouldn't file my Petition for Certiorari Jackson v. Texas, TX CPA No. Pe 0953-16. The above-entitled Petition for Certiorari was received postmarked 12/14/18. The papers are returned for the following reason(s). The notarized affidavit or declaration of indigency does not comply with Rule 39. you may use the enclosed form. I wrote the Supreme Court fee forms but never recieved them. Due to Law Library lacking the proper forms my access to the courts were denied. Please correct and resubmit as soon as possible. Unless the petition will not be filed Rule 14.5 a copy of the corrections to the petition no change to the substance of the petition may be made. In Houston v. Lack, 487 U.S. 266 (1988) the U.S. Supreme Court held that it was unfair for courts to file prisoners pleading because they were filed late of the prisoner

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER

Appendix

delivered the pleading to prison officials before the filing deadline. The court created the "mailbox rule," stating that documents would be accepted as being filed the day they were placed in a prisoner's mailbox or otherwise turned over to prison officials for mailing. The First Amendment gives prisoner freedom from interference with people's efforts to use the court. John L v. Adams, 969 F.2d 1228, 235 (6th Cir. 1952), Simkins v. Bruce, 406 F.3d 1239, 1242-43 (10th Cir. 2005). I'm being denied access to the courts which violates Art. 109 of the Texas Constitution. The Eighth and Fourteenth Amendments to the United States Constitution. TDCJ-PD-22 Rule 20, Rule 23, and Rule 37. is violation of Penal Code 39.04 (A) 1 violations of the civil rights of person in custody. Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991). Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 19 (1994). This is abuse of office Penal Code 39.02, Oppression by public servant Penal Code 39.03, Harassment Penal Code 22.01. Violation of speech or expression Penal Code 42.02 Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury foregoing is true and correct. Executed 2/15/20

**Action Requested to resolve your Complaint.** Relief all deem just by the Constitution, the United States Constitution, Texas Constitution and The Universal Declaration of Human Rights for the people.

**Offender Signature:** _____ **Date:** 1/15/20

**Grievance Response:**



**Signature Authority:** _____ **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 respon
State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials: _____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

Appen

*cpy 1 of 3*

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

*Civil And Human Rights Activist*

**Offender Name:** Matthew Jamal Jackson  **TDCJ #** 2026325

**Unit:** LeBlanc  **Housing Assignment:** Q197 - B1-23

**Unit where incident occurred:** LeBlanc Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

**Who did you talk to (name, title)?** TDCJ Staff Policies ED-10.68, ED-10.64, And AD-10.64  **When?** 5/10/19

**What was their response?** Write A Grievance

**What action was taken?** Nothing

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I write this complaint due to the violation of my rights in regards to inhumane conditions of confinement "continuing wrong." This complaint again places all officials on constructive notice of Texas Department of Criminal Justice Chairman Dale Wainwright, Director Lorie Davis, Deputy Executive Director Oscar Mendoza, Governor Greg Abbott, Nurse Practitioner Joann Ramos, Lieutenant Governor Dan Patrick, Regional Director Steve Massie, Warden Stephen Henson, Executive Director Bryan Collier, Warden James Denheim, Warden Kevin Benjamin, and Major Derrick Broussard. This is my complaint as a whole from the eleven unit transfer retaliation for filing complaints and grievances #2019067011, #2019066908, #2019042240, #2019023565, #2018186290, #2018166788, #2018172081, #2017094518, #2017244241, #2017150015, #2017153470, #2017158077, #2017191891, #2018023514, #2018177091, #2018171033, #2019016945, #2019050142, #2018182258, #2018162996, #2019031305, and others. These continuing wrong long duration of cruel and unusual punishment prison conditions persist on the LeBlanc Unit. Due the shower leak in the wall on 5/10/19 I fell because water was on the floor and reinjured my left fracture ankle. There was no wet floor signs present on the floor. Staff stated that due to the storm no one is in medical. I was given instructions to place a sick call. The water floods in our housing areas from the restroom shower, I am still unable to see staff all officials have been given notice TDCJ Director, Health Services Division Lannette Linthicum, M.D., CCHP PA, FACP, Vice President Offender Services Owen J. Murray D.O., MBA, Executive Director Denise DeShields, M.D., CMHC Policy and Procedure Committee coordinate Natasha L. Mills, Physician Assistant Jean L. Clark, Dr. Marcus Hickle, Dr. Satya Ramadoss, Dr. Matthew Toby John, Dr. Burrough Adon G., Dr. Pochawala Imran Roheem D.O., Dr. Maurice Nillis, Dr. Wu Albert Y. T., Register Nurse William A. Sikowski, Dr. Rohtt Venkates Senior Practice Manager Edward Delone, Register Nurse Evelyn Brindley, Medical Physician II Mark Henderson, Nurse Samantha Hedges, Josefina Savoy, Patricia Pierre, Dr. Gideon Daniel, Dr. George Miller, Register Nurse Denise Seals, and X-Ray Tech Madonna Wyatt, including Dr. Jeffrey J. Garcia, TDCJ has a policy of practice of deliberate indifference gross negligence, malicious cruelty, obduracy and wantonness, discrimination and medical malpractice to serious medical needs and inhumane conditions of confinement. Officials actions intentionally persist has caused infliction of direct pain and suffering, I also have a fractured left jaw that was scheduled for surgery upon entering TDCJ the officials denied. Officials also failed to remove wart from my left arm. LeBlanc Unit as a whole 1-Building All Dorms, 2-Building DEF Dorms, 3-Building GHI Dorms, 4-Building JKL Dorms, 5-Building MNO Dorms, 6 Building PQR Dorms, Chaplaincy, Visitation, law library, and chow halls, security office, Education Building, Laundry Department, Supply Department, Dorm office, Administration Building and Barbershop all persist in unconstitutional conditions of confinement. We suffer from overcrowding in the chow halls, dayrooms, showers, law library, chaplaincy and housing areas. By overcrowding its causing extreme violence, inadequate staffing which results in constant threat to not only me but other inmates safety. Ruiz v. Estelle, 679 F.2d 1115, 1152 (5th Cir.), amend in part vacated in part 688 F.2d 266 (5th Cir. 1992); Morgan v. District of Columbia 824 F.2d 1049, 1063 (D.C. Cir. 1987), double-celling and bunking un constitutional. Tillery v. Owens, 907 F.2d at 427-28. Insufficient locker space, inadequate lighting, inadequate heating and cooling, improper ventilation, unclean and inadequate restrooms, unsanitary dining facilities and food preparation and housing with mentally and physically ill inmate. The showers are dirty inadequate ventilation in showers and in housing areas, insufficient housing living space which

---

**I-127 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

gill results in excessive odors, heat and humidity with the effect of creating stagnant air as well as excessive moist and fungus growth, thereby facilitating personal discomfort along with health and sanitation problems. Ramos v. Lamm, 639 F.2d at 568-7. During the summer we are exposed to extreme heat inhumane conditions on LeBlanc Unit. Ventilation is non-existent and extreme high temperatures inmates in TDCJ are dying. Mail Interference persist. Excessive Noise at Night in the LeBlanc Unit housing areas as a whole occurring everynight, all night interrupting and prevent sleep persist. We are forced to wake up for Breakfast at 3:00 am in the morning depriving offenders of Eight hours of sleep. This unjustifiably inflicts pain and injury. Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999); Merritt v. Hawk, 155 F.Supp. 2d 1216, 1228 (D.Colo. 2001); Hope v. Pelzer, 536 U.S. at 736, 745. I gave officials Notice when I first arrived on unit by I-60 of conditions that persist and or ignored by officials. This is considered a continuing wrong because I suffered from these same conditions on the Clemens Unit for over three years. The Texas Department of Criminal Justice has a policy and practice of exposing inmates to inhumane conditions confinement. Problems with leaking pipes and defective plumbing case sewage to accumulate in restrooms which leaks in our housing areas. Toilets are also inadequate. Deliberate Exposure of prisoners to sewage or other forms of human waste Violates our Eighth Amendment. Gates v. Cook, 326 F.3d 323, 340-41 (5th Cir. 2004). TDCJ has an unethical policy, practice and custom of exposing offenders to unsanitary and humilitating practice of forcing offenders to inhumane conditions of confinement that violates the Constitution. The prolong exposure violates Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. This is also violation of Art 1.09 of the Texas Constitution and American with Disabilities Act and Rehabilitation Act. Violation of Texas Penal Code 39.04(CA)1 TDCJ PD-22 Rule 20, Rule 23, and Rule 37. Wilson v. Seitzer, 501 US 294, 298, 111 S.Ct. 2321(1991). Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on May 25, 2019   JUL 3 1 2019

**Action Requested to resolve your Complaint.**

Relief all deem by the Constitution and The Universal Declaration of Human Rights for the people. JUL 3 1 2019

Offender Signature: _Matthew Jerk_   Date: May 25, 2019

**Grievance Response:**

**Signature Authority:** _____   Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

☑ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☑ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** J. McCoy  J. McCoy

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission       UGI Initials: _Jm_
Grievance #: 2019162892
Screening Criteria Used: 899 (1)
Date Rec'd from Offender: JUL 3 1 2019
Date Returned to Offender: JUL 3 1 2019

2nd Submission       UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

3rd Submission       UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

Appendix