United States District Court
Southern District of Texas
**ENTERED**
May 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW JAMAL JACKSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-22-543 |
| § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, *et al.*, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

On February 18, 2022, Plaintiff Matthew Jamal Jackson, a former inmate of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ), filed a complaint for violation of civil rights under 42 U.S.C. § 1983, challenging certain actions allegedly taken against him when he was incarcerated. (Dkt. 1). The Court dismissed Jackson's claims against TDCJ with prejudice and issued summonses to Jackson for service on the remaining defendants. (Dkts. 5, 6). Rather than serving the defendants, Jackson filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). (Dkt. 7). The Court dismissed the remainder of Jackson's claims under Rule 41(a)(1) without prejudice. (Dkt. 8).

On April 5, 2024, Jackson filed an amended complaint in the earlier action. (Dkt. 9). He did not seek leave of Court before filing the amended complaint. *See*

FED. R. CIV. P. 15(a). However, because Jackson proceeds *pro se*, the Court will consider his filing of the amended complaint as a motion seeking leave to amend under Federal Rule of Civil Procedure 15(b). After reviewing the proposed amended complaint, the law, and all matters of record, the Court concludes that granting leave to amend and allowing Jackson to proceed with his claims would be futile. The Court therefore denies leave to amend and dismisses this action with prejudice.

## I.   DISCUSSION

### A.   Claims Against TDCJ

In his original complaint, Jackson identified TDCJ as a defendant based on its alleged failure to implement constitutional policies for processing inmate grievances and for training staff concerning grievance procedures. (Dkt. 1, pp. 5, 8-11). The Court dismissed the claims against TDCJ with prejudice because those claims were barred by the Eleventh Amendment. (Dkt. 5). In his proposed amended complaint, Jackson again alleges claims against TDCJ. (Dkt. 9, p. 3). Regardless of whether Jackson raises the same claims against TDCJ that he raised in his original complaint or new and different claims, the claims are barred by the Eleventh Amendment.

The Eleventh Amendment bars actions against a state unless Congress has abrogated such immunity or the state has specifically waived its immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). This protection extends to state agencies and

2/12

departments and applies regardless of the type of relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Congress did not abrogate the states' Eleventh Amendment immunity when it enacted § 1983. *See Will*, 491 U.S. at 66. And the State of Texas has not waived its immunity for purposes of § 1983 actions. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007) ("It is up to the Legislature to institute such a waiver, and to date it has not seen fit to do so."); *see also Brice v. Tex. Dep't of Family & Protective Servs.*, No. 14-20-00506-CV, 2022 WL 1310876, at *3 (Tex. App.—Houston [14th Dist.] May 3, 2022, no pet.) (reiterating that the Texas Legislature has not waived sovereign immunity for claims under § 1983).

As a state agency, TDCJ is entitled to Eleventh Amendment immunity.¹ *See Loya v. Tex. Dep't of Corr.*, 878 F.2d 860, 861-62 (5th Cir. 1989) (per curiam). This Court lacks subject-matter jurisdiction over actions that are barred by the Eleventh Amendment. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Because the Court lacks subject-matter jurisdiction over Jackson's claims

---

¹Contrary to Jackson's assertions in his amended complaint, TDCJ is neither a local government nor a municipality. A municipality is a "city, town, or other local political entity with the powers of self-government." Municipality, BLACK'S LAW DICTIONARY (11th ed. 2019). TDCJ is a state agency, and as such it is immune from suit in federal court. *See Cox v. Tex.*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) (citing *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994)); *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998).

against TDCJ, granting leave to amend would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (granting leave to amend is futile if the amended complaint would fail to state a claim upon which relief could be granted). The Court again dismisses Jackson's claims against TDCJ with prejudice.

### B. Statute of Limitations

As to Jackson's claims against the remaining defendants, the allegations in his proposed amended complaint clearly show that his claims are barred by the applicable statute of limitations.

Because there is no federal statute of limitations for actions under § 1983, the federal courts borrow the forum state's general personal injury limitations period. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "Texas has a two-year statute of limitations for personal injury claims[,]" so a civil rights plaintiff in Texas has two years from the date the claims arise to file suit. *Balle v. Nueces County*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). A claim arises when the plaintiff knows or had reason to know of his injury. *See Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022). Therefore, claims brought more than two years after the plaintiff knew or had reason to know of his injury are barred by limitations and subject to dismissal. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Jackson filed his original complaint on February 18, 2022. (Dkt. 1). In that complaint, he alleged that he notified Governor Abbott and Lieutenant Governor Patrick on January 20, 2020, and February 5, 2020, of TDCJ's alleged failure to process his grievances. Similarly, Jackson alleged that he notified the "wardens, Chairman, Executive Director, Director, Deputy Executive, and Regional Director" of his claims arising from allegedly improper grievance processing on January 20, 2020, and February 5, 2020, and he provided a list of many of the grievances he alleges were unprocessed, which dated from 2017 through 2019. Jackson alleged that an unknown prison law librarian violated his right of access to the courts by refusing the help him prepare a petition for writ of certiorari to the United States Supreme Court and that United States Supreme Court Clerk Scott C. Harris violated his right of access to the courts by rejecting that petition on December 14, 2018.

For purposes of the statute of limitations, the Court assumes, without deciding, that the claims in Jackson's amended complaint relate back to the date of filing his original complaint. *See* FED. R. CIV. P. 15(c). But even under that assumption, Jackson's allegations clearly establish that his claims arose more than two years before February 18, 2022, when he filed his original complaint. His claims are therefore barred by the two-year statute of limitations applicable to claims under § 1983. And because these claims are barred by limitations, granting Jackson leave to amend to pursue them would be futile. The Court denies leave to amend and

dismisses Jackson's amended complaint with prejudice.

### C. Claims Regarding Grievance Processing

To the extent that Jackson alleges claims based on improper grievance handling and a failure to respond to grievances, the Court would deny leave to file the amended complaint even if it was timely filed because these allegations do not state a claim upon which relief can be granted.

"Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). But prison and jail inmates do not have a constitutional right to a grievance process or grievance procedures. *See Jones v. N. Car. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons but expressly stating that such procedures are not "constitutionally mandated"). Because of this, even if a grievance process exists, inmates do not have a constitutional right to have their prison grievances resolved to their satisfaction. *See Hawes v. Stephens*, 964 F.3d 412, 418 (5th Cir. 2020); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (per curiam). Absent such a right, the failure to investigate or respond to a grievance is not a violation of a constitutional right. *See Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (per curiam) (because prisoners have

no constitutional right to have their grievances resolved to their satisfaction, "an alleged § 1983 due process violation of failure to investigate grievances is indisputably meritless").

Jackson's claims about TDCJ's grievance process, whether framed as a failure to investigate his grievances or a failure to respond to his complaints about the grievance process, do not state a claim for a constitutional violation and therefore do not state a claim upon which relief can be granted under § 1983. Because these claims do not state a claim for violation of a constitutional right, granting Jackson leave to amend to pursue these claims would be futile. The Court denies leave to amend to file these claims and dismisses them with prejudice.

### D. Claims of Retaliation

Jackson's proposed amended complaint also alleges that various unidentified prison officials have retaliated against inmates who report complaints, file grievances, or file lawsuits. (Dkt. 9, pp. 7, 11).

To state an actionable claim of retaliation, the plaintiff must allege that: (1) he had a specific constitutional right, (2) the defendant intended to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse action occurred, and (4) the retaliation resulted directly from the exercise of the constitutional right. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). To state a claim, the plaintiff "must produce direct evidence of motivation or, the more probable scenario,

allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (cleaned up). Neither conclusory allegations of retaliation nor the plaintiff's personal belief that he is the victim of retaliation are sufficient to state a claim for retaliation. *Id.; see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

In his proposed amended complaint, Jackson does not identify the prison officials who allegedly took any retaliatory actions; he does not identify when the alleged retaliation occurred; and he does not allege what retaliatory actions were taken. He does not allege that any of the named defendants participated in the alleged retaliatory actions. And he does not allege a chronology of events from which retaliation may plausibly be inferred. Jackson's conclusory and unsupported allegations of retaliation are insufficient to state a claim against any of the named defendants. Because leave to amend to assert these claims would be futile, the Court denies Jackson leave to amend and dismisses these claims with prejudice.

### E. Claims Under the Americans with Disabilities Act

In his proposed amended complaint, Jackson alleges for the first time that the defendants' actions in failing to properly process his grievances and failing to assist him with filing a petition for writ of certiorari in the United States Supreme Court violate the Americans with Disabilities Act, 42 U.S.C. § 12132. (Dkt. 9, pp. 5, 8-9). Even if Jackson could establish that these new ADA claims should "relate back" to

the date his original complaint was filed, *see* FED. R. CIV. P. 15(c)(1), they are barred by the two-year limitations period applicable to claims under Title II of the ADA for the same reasons that his § 1983 claims are barred. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998) (holding that Title II of the ADA applies to prisoner claims concerning the services and programs available to inmates); *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011) (en banc) (holding that Texas's two-year limitations period applies to claims under Title II of the ADA). Because these claims are barred by limitations, granting Jackson leave to amend to pursue them would be futile. The Court denies leave to amend and dismisses his claims with prejudice.

### F.     Claims Under International Law

In his proposed amended complaint, Jackson lists a number of international human rights treaties, under which he seems to contend that he can pursue his claims for the alleged violations of his rights. (Dkt. 9, pp. 6, 8-9). But these international treaties do not provide for a private right of action in federal court.

The Supreme Court has "long recognized the distinction between treaties that automatically have effect as domestic law, and those that—while they constitute international law commitments—do not by themselves function as binding federal law." *Medellín v. Tex.*, 552 U.S. 491, 504 (2008). While such treaties "may comprise international commitments . . . they are not domestic law unless Congress

has either enacted implementing statutes or the treaty itself conveys an intention that it be 'self-executing' and is ratified on these terms." *Igartúa–De La Rosa v. United States,* 417 F.3d 145, 150 (1st Cir. 2005) (en banc).

Jackson cites the Universal Declaration of Human Rights (UDHR), but the UDHR as a non-binding aspirational declaration that it is "not self-executing and so [does] not itself create obligations enforceable in federal courts." *Sosa v. Alvarez-Machain,* 542 U.S. 692, 734-35 (2004). Therefore, an individual has no standing to bring a claim under the UDHR, *see Dickens v. Lewis,* 750 F.2d 1251, 1254 (5th Cir. 1984), and claims alleged as arising under the UDHR are not cognizable in federal court. *See Martinez-Lopez v. Gonzalez,* 454 F.3d 500, 502-03 (5th Cir. 2006) (finding no private cause of action under the UDHR); *Pinto de Saldaña v. Solis,* Civil No. B-09-168, 2010 WL 11646779, at *4 (S.D. Tex. Jan. 29, 2010) (concluding that claims of violations of the UDHR were not cognizable and would be dismissed).

Jackson also cites the International Covenant on Civil and Political Rights (ICCPR), the Convention on the Rights of Persons with Disabilities, and the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. But none of these treaties provide a private right of action that is enforceable in a federal court. *See Beazley v. Johnson,* 242 F.3d 248, 267 (5th Cir. 2001) (the ICCPR is not self-executing and does not give rise to privately enforceable rights under federal law); *Thunderhorse v. Collier,* Civil No. 4:22-1511,

10/12

2024 WL 1056024, at *7 (S.D. Tex. Mar. 11, 2024) (holding that "[t]he Convention on the Rights of Persons with Disabilities does not create a private right of action in federal court," and "the Convention Against Torture is not self-executing").

To the extent that Jackson seeks to bring claims under these international treaties, he does not state a claim that is cognizable in federal court. Granting Jackson leave to amend to pursue these claims would be futile. To the extent that Jackson seeks to bring claims under these treaties, the Court denies leave to amend and dismisses these claims with prejudice.

## II. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Jackson's amended complaint, (Dkt. 9), is treated as a motion seeking leave to file an amended complaint and is **DENIED** because leave to amend would be futile.

2. This action is **DISMISSED** with prejudice.

3. The Court declines to retain supplemental jurisdiction over any alleged state-law claims.

4. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk shall send a copy of this Memorandum Opinion and Order to the

plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___May 7___, 2024.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE